UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| EVELYN GROCE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  3:13-cv-01769-HGD |
| ) | |
| FRANKLIN COUNTY COMMISSION, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## REPORT AND RECOMMENDATION

The above-entitled civil action is before the court on the Motion to Dismiss filed by defendants. (Doc. 7). Plaintiff has filed a response (Doc. 11), and defendants have filed a reply (Doc. 12).

Plaintiff, Evelyn Groce, commenced this action by filing a complaint against defendants Franklin County Commission, Franklin County Revenue Commission, and Franklin County Revenue Commissioner Gene Ellison, in his individual capacity. Plaintiff asserts causes of action for race discrimination in violation of Title VII (Count A), pursuant to 42 U.S.C. § 1983 for race-based discrimination in violation of the Fourteenth Amendment's Equal Protection Clause and race discrimination in violation of 42 U.S.C. §§ 1981 and 1981a (Count B), and violation of the Age Discrimination in Employment Act (ADEA) (Count C).

Plaintiff, an African-America female, alleges that she was hired by defendants on December 5, 1991, as an Appraisal Clerk and Tag Clerk. On August 3, 2012, plaintiff was fired for alleged dishonesty and stealing time, despite her denial of wrongdoing. Plaintiff avers that she advised defendants that at least four white, younger employees (three females and one male) regularly loafed and loitered on County time with the full knowledge of defendant Ellison, without being fired or written up. In May 2012, Dennis Holland (white male) was promoted to Chief of Appraisal, but plaintiff was not considered for the position despite expressing interest. She alleges that after Barack Obama's election as President, white employees made racially derogatory comments about him in plaintiff's presence. Plaintiff alleges generally that defendants' treatment of her was discriminatory and based on her race, gender and age.[1]

Prior to filing her complaint, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). She checked the boxes for race, sex and age discrimination. The text of her EEOC charge reads:

> I. I began my employment with the Respondent on December 5, 1991. Since that time I have performed my duties and responsibilities in a satisfactory manner. On August 3, 2012, I was terminated from my job

---

[1] Despite the passing reference to gender discrimination in paragraph 10 of the complaint, the causes of action set out by plaintiff thereafter are based solely on alleged race discrimination and age discrimination. No separate cause of action for gender-based discrimination is asserted.

for allegedly being dishonest and stealing time. This was untrue. I have never abused my time nor have I ever stolen time from my job.

II. White male and or younger employees regularly leave work early and no disciplinary action is taken against them.

III. I have been discriminated against because of my race, gender, and age in violation of Title VII and the Age Discrimination in Employment Act.

(Doc. 1-1, EEOC Charge).

## MOTION TO DISMISS STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true. Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court can make reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*,

556 U.S. at 681, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1964-65 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

## THE MOTION TO DISMISS

### I. Title VII

#### A. Wrongful Termination

Defendants assert that plaintiff's complaint fails to establish a *prima facie* Title VII case for race-based wrongful termination because her complaint allegations fail to demonstrate that her employer treated her less favorably than similarly situated individuals outside of her protected class. Defendants contend that "stealing time" and "loafing and loitering" are not sufficiently similar to qualify the employees against whom plaintiff has compared herself as proper comparators.

A review of the complaint allegations establishes that plaintiff has sufficiently stated a cause of action pursuant to Title VII for race-based wrongful termination. The cases cited by defendants to support their contention that plaintiff has not pled a *prima facie* case were decided in the summary judgment context, not on a motion to dismiss. It is not required that plaintiff allege all the elements of proof of her claim in her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Powell v. Harsco Metal*, 2013 WL 3242759 (N.D.Ala. June 20,

2013); *Pipes v. City of Falkville, Ala.*, 2013 WL 3367105, *3 (N.D.Ala. July 5, 2013); *Byrne v. Alcoholic Beverage Control Bd.*, 2008 WL 4080771, *10 (M.D.Ala. Sept. 3, 2008). Further, plaintiff has sufficiently pled comparators for her claim in her complaint and the attached EEOC charge: four white employees who were not disciplined for loafing or leaving early, i.e., "stealing time."

Therefore, defendants' motion to dismiss as to this claim is due to be denied.

### B. Wrongful Failure to Promote

Defendants seek dismissal of this claim on two grounds: failure to properly allege a *prima facie* claim and failure to exhaust administrative remedies by raising this as a discrete claim in her EEOC charge. Plaintiff has conceded that, for purposes of Title VII, she has not exhausted administrative remedies with respect to this claim. (Doc. 11 at 3 n.3). Therefore, for that reason, this claim is due to be dismissed.

### C. Racially Hostile Environment

Plaintiff avers that she never pled a hostile environment claim in the complaint. (Doc. 11 at 3 n.2). Therefore, defendants' motion to dismiss is moot as to any claim of racially hostile environment pursuant to Title VII.

### D. Gene Ellison as Defendant

Plaintiff avers that Ellison is named as a defendant, in his individual capacity, solely with respect to her § 1981 and § 1983 claims. (Doc. 11 at 3 n.4). Therefore,

defendants' motion to dismiss is moot as to any claim against Ellison pursuant to Title VII.

## II.     42 U.S.C. § 1981

Defendants contend that plaintiff's claims pursuant to 42 U.S.C. § 1981 are due to be dismissed because the sole vehicle for claims against state actors is 42 U.S.C. § 1983. Section 1983 is a vehicle for bringing civil lawsuits that "provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007); 42 U.S.C. § 1983. The Equal Protection Clause of the Constitution prohibits intentional race and gender discrimination in public employment. *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1269 (11th Cir. 2003); *Cross v. State of Ala.*, 49 F.3d 1490, 1507 (11th Cir. 1995). Section 1981 also prohibits public employers from terminating contracts on the basis of an employee's race. *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 472 (11th Cir. 1999); 42 U.S.C. § 1981. Notably, § 1983 provides the exclusive remedy against state actors for violations of the rights contained in § 1981. *Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000), citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 732-32, 109 S.Ct. 2702, 2721, 105 L.Ed.2d 598 (1989).

Therefore, defendants' motion to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1981 is due to be granted.

**III.   42 U.S.C. § 1983**

   **A.   Disparate Treatment**

As discussed above, plaintiff has sufficiently pled a claim of disparate treatment based on her race with respect to her termination. Further, plaintiff has alleged that a white person was selected for a position in which she had expressed interest. The arguments made by defendants about whether plaintiff can come forth with sufficient proof that she was qualified and applied for the position are best left for the summary judgment stage. Therefore, defendants' motion to dismiss as to this claim is due to be denied.

   **B.   Racially Hostile Environment**

Plaintiff has stated that the complaint, as it is currently pled, does not allege a claim pursuant to 42 U.S.C. § 1983 for a racially hostile environment. (Doc. 11 at 3 n.2). Therefore, defendants' motion to dismiss any claim pursuant to 42 U.S.C. § 1983 for a racially hostile environment is moot.

   **B.   Qualified Immunity**

Defendants argue that defendant Ellison is entitled to qualified immunity with respect to plaintiff's claim against him in an individual capacity under § 1983, for disparate treatment.

Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (*en banc*) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). "'For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances.'" *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 823 (11th Cir. 1997) (*en banc*) (quoting *Lassiter*, 28 F.3d at 1150).

In analyzing a defense of qualified immunity, the court first considers whether Ellison was acting within the scope of his discretionary authority when the alleged wrongful acts occurred. *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997). If Ellison has met this burden, plaintiff then must demonstrate that he violated clearly established law based upon objective standards. *Id.*

It is not disputed that at the time the alleged actions were taken by Ellison, he was acting within the scope of his discretionary authority as Franklin County Revenue Commissioner. Further, there can be no doubt that during the time of the alleged events, it was clearly established that intentional discrimination in the workplace on account of race violated federal law. *See Smith v. Lomax*, 45 F.3d 402, 407 (11th Cir. 1995); *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1064 (11th Cir. 1992) (citing *Washington v. Davis*, 426 U.S. 229, 239-41, 96 S.Ct. 2040, 2047-48, 48 L.Ed.2d 597 (1976)); *Busby v. City of Orlando*, 931 F.2d 764, 775 (11th Cir. 1991) (same); *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1478 (11th Cir. 1991) (same).

Because the allegations of the complaint are taken as true for purposes of a motion to dismiss, then Ellison failed to discipline white employees for the same or similar actions for which plaintiff was terminated and failed to promote plaintiff to a position which he filled with a white male, all on account of plaintiff's race. Taken as true, these allegations show that Ellison violated clearly established law of which he knew or should have known. Therefore, at this juncture, Ellison is not entitled to invoke qualified immunity and the motion to dismiss on this basis is due to be denied.

IV.   **ADEA**

    A.   **Claim Against Franklin County Commission and Franklin County Revenue Commission**

Defendants contend that plaintiff's ADEA claim is due to be dismissed because she has not identified adequate comparators. As discussed above, plaintiff has alleged that she was treated differently from younger employees who "stole time" by loafing and leaving early when they were supposed to be working, in that plaintiff was terminated and the younger employees were not even disciplined. These allegations are sufficient to survive a motion to dismiss.

### B.      Claim Against Gene Ellison

Plaintiff avers that she has not made any claim under the ADEA against defendant Ellison. (Doc. 11 at 3 n.4). Therefore, defendants' motion to dismiss plaintiff's ADEA claim as against defendant Ellison is moot.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that:

(1)    defendants' motion to dismiss plaintiff's Title VII claim for wrongful termination based on her race be DENIED;

(2)    defendants' motion to dismiss plaintiff's Title VII claim for failure to promote based on her race be GRANTED;

(3)    defendants' motion to dismiss plaintiff's Title VII claim for racially hostile environment and Title VII claim against Ellison in his individual capacity be deemed MOOT;

(4) defendants' motion to dismiss plaintiff's claims pursuant to 42 U.S.C. § 1981 be GRANTED;

(5) defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claims for disparate treatment be DENIED;

(6) defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claim for racially hostile environment be deemed MOOT;

(7) defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claims against defendant Ellison based on qualified immunity be DENIED WITHOUT PREJUDICE to reasserting a qualified immunity claim on summary judgment;

(8) defendants' motion to dismiss plaintiff's ADEA claim against the Franklin County Commission and Franklin County Revenue Commission be DENIED; and

(9) defendants' motion to dismiss plaintiff's ADEA claim against Ellison in his individual capacity be deemed MOOT.

### NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's

recommendation objected to.  Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 20th day of June, 2014.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE