FILED
2017 Mar-23  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| EVELYN GROCE, | ) |
| Plaintiff | ) ) ) |
| vs. | ) )  Case No.  3:13-cv-01769-HGD |
| FRANKLIN COUNTY COMMISSION, et al., | ) ) ) ) |
| Defendants | ) |

## MEMORANDUM OPINION

On July 18, 2016, the magistrate judge entered a report in which he recommended that the Court grant the defendants' motion for summary judgment and dismiss this action with prejudice.  (Doc. 33).  The magistrate judge informed the parties of their right to file objections to the report and recommendation within 14 days.  (Doc. 33, pp. 25-26).  No party has filed objections to the magistrate judge's report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court reviews legal conclusions in a report de novo and reviews for plain error factual findings to which no objection is made.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th

Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).[1]

After careful consideration of the record in this case and the magistrate judge's report and recommendation, the Court finds no misstatements of law in the report and no plain error in the magistrate judge's description of the relevant facts. The Court agrees that Ms. Groce failed to offer evidence adequate to create a question of fact as to her claims against the defendants.[2] Therefore, the Court will enter judgment in favor of the defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court will enter a separate final order.

DONE this 23rd day of March, 2017.

_____
MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE

---

[1] When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(B)-(C).

[2] Because Ms. Groce's claims fail as a matter of law because she has not presented sufficient evidence in support of her claims, the Court has not considered the qualified immunity issue relating to Mr. Ellis.